SALCINES, Judge.
John Evan Kist appeals his convictions for one count of racketeering, one count of conspiracy to commit racketeering, six counts of insurance fraud, seven counts of grand theft, three counts of filing a false police report, one count of arson of a conveyance, and one count of burning to defraud insurer. We affirm his convictions on eighteen of the foregoing counts. However, because the evidence was insufficient as to one count of insurance fraud and one count of grand theft, we reverse his convictions for counts eight and nine. Kist also appeals the upward departure sentences imposed on counts one, two, eleven, and fifteen. We affirm the upward departure sentences.
Kist orchestrated numerous insurance scams involving various individuals over a period of years. Ultimately, Kist was charged in a twenty-count information and, following a jury trial, was found guilty as charged. The trial court then imposed upward departure sentences on a portion of the convictions due to Kist’s leadership role in a criminal organization and because Kist had threatened witnesses, including the investigating detective.
In this appeal, Kist challenges the propriety of the introduction of certain testimony elicited at trial on the grounds that some of it violated interspousal privilege, some of it violated the hearsay rule, and some of it concerned evidence of other uncharged crimes which, he maintains, became a focal point of the trial. As to the majority of the offenses for which he was convicted, Kist’s arguments are unavailing. Significantly, over the course of numerous interviews with the investigating detective, Kist admitted his involvement in the acts leading to his convictions on counts three through seven and twelve through nineteen. The detective’s testimony concerning those charges was introduced without *108 objection. In light of Kist’s own admissions, even if the introduction of other evidence was erroneous, it was harmless as to the convictions on those counts. Likewise, the numerous predicate acts supporting the racketeering charge were introduced, without objection, as part of Kist’s admissions to the investigating detective. Those acts, which were additionally-charged as substantive offenses, established the substantial competent evidence necessary to support the racketeering conviction as well as the conviction on the conspiracy to commit racketeering.
The conviction for grand theft, in count twenty, involved a single offense committed by Kist without the involvement of his co-conspirators, specifically the intentional nonpayment of Kist’s car payments to a bank while he surreptitiously retained the vehicle. One witness testified, without objection, that Kist had bragged that he had only made one payment on the truck and had explained his system of hiding the truck. In his motion for judgment of acquittal, defense counsel argued only that the State had failed to demonstrate criminal intent. The witness’s testimony was sufficient to overcome that objection and no other errors were preserved or are otherwise fundamental in regard to count twenty.
Kist’s trial counsel conceded that the State had made a prima facie case as to counts ten and eleven and he abandoned his motion for judgment of acquittal in regard to those counts. The evidence, however, was insufficient to support Kist’s convictions on the charges asserted in counts eight, for insurance fraud, and nine, for grand theft.
Counts eight and nine were based upon a fraudulent claim to an insurance company for the alleged burglary of a rental car and involved co-conspirator Roy Lee. The investigating detective testified that Kist denied any involvement in that particular claim. Rose Lee, Roy Lee’s wife, testified that her husband had told her of being involved with Kist in criminal activities. Mrs. Lee then testified concerning her husband’s involvement with Kist in regard to other uncharged, collateral offenses. She did not testify specifically concerning Kist’s involvement in Roy Lee’s claim for the burglary of the rental car. The evidence concerning these counts was introduced through an insurance investigator. It consisted only of several pieces of documentary evidence none of which bore Kist’s name or implicated Kist in any way. On their face, those documents did not tie Kist to Roy Lee’s claims concerning the alleged burglary of the rental car and the testimony did not otherwise provide a link between Roy Lee’s fraudulent claim and Kist. There was simply no evidence to link Kist to Roy Lee’s claim.
At trial; Kist’s defense counsel made a motion for judgment of acquittal regarding the sufficiency of the evidence to support the charges contained in counts eight and nine. In response, the State merely argued that the documentary evidence introduced as to the charged offenses regarding Mr. Lee’s insurance claim established its case. That evidence was insufficient, and the trial court erred in denying Kist’s motion for judgment of acquittal as to counts eight and nine.
Kist also challenges the upward departure sentences imposed in regard to his convictions for the racketeering and conspiracy to commit racketeering convictions in counts one and two, the grand theft conviction in count eleven, and the arson conviction in count fifteen. The top of the guidelines’ range was 14.6 years’ imprisonment and Kist was sentenced to 15 years’ imprisonment on each of the four convictions to run concurrently. The upward *109 departure resulted in a .4 year increase in Kist’s sentences as to those four convictions. One of the reasons enunciated by the trial court for those upward departure sentences was Kist’s leadership role in a criminal organization. Kist’s leadership role was not an inherent component of his offenses; consequently, it was properly relied upon by the trial court to impose an upward departure sentence in accordance with section 921.0016(3)(f), Florida Statutes (1997).
Accordingly, we reverse the convictions on count eight, insurance fraud, and count nine, grand theft, and remand with directions that these convictions be vacated and that Kist be discharged on these counts. We affirm the remaining convictions. Because the sentencing scoresheet must be recalculated, we also remand for resentencing on any convictions that may be affected.
Reversed and remanded with directions.
FULMER, A.C.J., and DAVIS, J., concur.